JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

COREY FISCHER

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
R. Andrew Santillo, Winbrake & Santillo, LLC, Twining Office Center, 715 Twining Road, Suite 211, Dresher, PA 19025

## DEFENDANTS

URBAN OUTFITTERS, INC.

County of Residence of First Listed Defendant   Philadelphia, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Thomas Barton, Drinker Biddle & Reath LLP, One Logan Square, Ste. 2000, Philadelphia, PA 19103-6996, (215) 988-2700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
　　　Plaintiff

☐ 2  U.S. Government
　　　Defendant

☒ 3  Federal Question
　　　*(U.S. Government Not a Party)*

☐ 4  Diversity
　　　*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*　　　　　　　　　　　*and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | 　　Product Liability | ☐ 690 Other | 　　28 USC 157 | 　　3729(a)) |
| ☐ 140 Negotiable Instrument | 　　Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | 　　Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| 　　& Enforcement of Judgment | 　　Slander | 　　Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | 　　Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | 　　Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| 　　Student Loans | ☐ 340 Marine | 　　Injury Product | | 　　New Drug Application | ☐ 470 Racketeer Influenced and |
| 　　(Excludes Veterans) | ☐ 345 Marine Product | 　　Liability | | ☐ 840 Trademark | 　　Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | 　　Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| 　　of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | 　　Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | 　　Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | 　　Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | 　　Property Damage | 　　Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | 　　Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | 　　Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | 　　Medical Malpractice | | 　　Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 　　Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | 　　Income Security Act | 　　or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | 　　Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | 　　Sentence | | 　　26 USC 7609 | 　　Agency Decision |
| ☐ 245 Tort Product Liability | 　　Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | 　　State Statutes |
| | 　　Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | 　　Other | ☐ 550 Civil Rights | 　　Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | 　　Conditions of | | | |
| | | 　　Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
　　Proceeding

☒ 2 Removed from
　　State Court

☐ 3 Remanded from
　　Appellate Court

☐ 4 Reinstated or
　　Reopened

☐ 5 Transferred from
　　Another District
　　*(specify)*

☐ 6 Multidistrict
　　Litigation -
　　Transfer

☐ 8 Multidistrict
　　Litigation -
　　Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act, 29 U.S.C. 201 et seq.
Brief description of cause:
Claim for payment of regular and overtime wages

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
　UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:　☒ Yes　☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
11/09/2017

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| COREY FISCHER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| URBAN OUTFITTERS, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

| 11/9/17 | Thomas J. Barton | Defendant Urban Outfitters |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 988-2700 | (215) 988-2757 | thomas.barton@dbr.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)         The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)         In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)         The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)         Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)         Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
## (See §1.02 (e) Management Track Definitions of the
## Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **Corey Fischer, 600 N. 16th Street, Philadelphia, PA 19130**

Address of Defendant: **Urban Outfitters, Inc., 5000 S. Broad St., Philadelphia, PA 19112**

Place of Accident, Incident or Transaction: **Philadelphia, PA**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                                    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?                                                                Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                                Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                                Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                                Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) **Fair Labor Standards Act**

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Thomas J. Barton** _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **11/9/17**     *Thomas J. Barton*     **50603**
                      Attorney-at-Law        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **11/9/17**     *Thomas J. Barton*     **50603**
                      Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **Corey Fischer, 600 N. 16th Street, Philadelphia, PA 19130**

Address of Defendant: **Urban Outfitters, Inc., 5000 S. Broad St., Philadelphia, PA 19112**

Place of Accident, Incident or Transaction: **Philadelphia, PA**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) **Fair Labor Standards Act**

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Thomas J. Barton** , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: **11/9/17** _____   _____   **50603**
Attorney-at-Law                          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **11/9/17** _____   _____   **50603**
Attorney-at-Law                          Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| COREY FISCHER, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| | : | |
| v. | : | Philadelphia Court of Common |
| | : | Pleas Case No. 171000924 |
| URBAN OUTFITTERS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

**NOTICE OF REMOVAL**

---

**TO:**   CHIEF JUDGE AND JUDGES OF
THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**ON NOTICE TO:**

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
**WINBRAKE & SANTILLO, LLC**
Twining Office Center
715 Twining Road, Suite 211
Dresher, PA 19025

Seth R. Lesser
Fran L. Rudich
Michael H. Reed
Christopher Timmel
**KLAFTER OLSEN & LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573

Justin M. Swartz
Ossai Miazad
Michael J. Scimone

90455441.1

**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017

Marc S. Hepworth
Charles Gershbaum
David A. Roth
Rebecca S. Predovan
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Ste. 802
New York, NY 10016

Gregg I. Shavitz
Alan L. Quiles
**SHAVITZ LAW GROUP, P.A.**
1515 S. Federal Highway, Suite 404
Boca Raton, FL 33432

Office of the Prothonotary, Clerk of Courts
Philadelphia County Court of Common Pleas
1301 Filbert Street, Room 310
Philadelphia, PA 19107

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant

Urban Outfitters, Inc. ("Urban Outfitters" or "Defendant"), by and through its undersigned

counsel, hereby removes this case from the Court of Common Pleas of Philadelphia County,

Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. This

Court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. §§ 1331 and

supplemental jurisdiction over Plaintiff's state claim pursuant to 28 U.S.C. § 1367.

In support of its Notice of Removal, Defendant states as follows:

1.      Plaintiff Corey Fischer filed a Complaint on October 6, 2017 in the Court

of Common Pleas of Philadelphia County, which was received by Defendant's counsel from

Plaintiff's counsel on October 13, 2017.   A copy of the Complaint is attached hereto as <u>Exhibit</u>

A.

2.      As of November 9, 2017, there have been no other pleadings filed

according to the Court of Common Pleas docket.

       3.    This Notice of Removal has been timely filed within the required 30 days of initial receipt of a copy of the Complaint pursuant to 28 U.S.C. § 1446(b).

       4.    This District embraces the Court of Common Pleas, Philadelphia County, where this suit was originally filed.  Removal to this District is therefore proper.  28 U.S.C. §§ 110, 1441(a).

       5.    Mr. Fischer's Complaint alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA").  See Exhibit A at ¶¶ 26-34.

       6.    This Court has federal question jurisdiction over Mr. Fischer's FLSA claim pursuant to 28 U.S.C. § 1331.

       7.    Mr. Fischer also alleges violations of the Pennsylvania Minimum Wage Act ("PMWA").  Id., ¶¶ 35-41.

       8.    Accordingly, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Mr. Fischer's state law claim as it forms part of the same case or controversy as his federal claim.

WHEREFORE, Defendant Urban Outfitters, Inc. respectfully requests that this Court

remove and exercise jurisdiction over the civil action now pending between Plaintiff and

Defendant in the Court of Common Pleas of Philadelphia County, Pennsylvania, Docket No.

171000924, and requests that this action be placed on the docket of this Court for further

proceedings as though it had originally been instituted in this Court.


Dated:  November 9, 2017

Thomas J. Barton, Esq. (PA ID 50603)
DRINKER BIDDLE & REATH LLP
One Logan Square, Ste, 2000
Philadelphia, PA 19103-6996
T:  (215) 988-2700
F:  (215) 988-2757
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COREY FISCHER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | Philadelphia Court of Common |
| | : | Pleas Case No. 171000924 |
| URBAN OUTFITTERS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2017, a true and correct copy of the foregoing

Notice of Removal, with attached Exhibits, was served via first class mail upon:

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
**WINBRAKE & SANTILLO, LLC**
Twining Office Center
715 Twining Road, Suite 211
Dresher, PA 19025

Seth R. Lesser
Fran L. Rudich
Michael H. Reed
Christopher Timmel
**KLAFTER OLSEN & LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573

Justin M. Swartz
Ossai Miazad
Michael J. Scimone
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017

90455441.1

Marc S. Hepworth
Charles Gershbaum
David A. Roth
Rebecca S. Predovan
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Ste. 802
New York, NY 10016

Gregg I. Shavitz
Alan L. Quiles
**SHAVITZ LAW GROUP, P.A.**
1515 S. Federal Highway, Suite 404
Boca Raton, FL 33432

*Attorneys for Plaintiff*

A true and correct copy of the foregoing Notice of Removal, with attached Exhibits, will

also be filed with the following:

Office of the Prothonotary, Clerk of Courts
Philadelphia County Court of Common Pleas
1301 Filbert Street, Room 310
Philadelphia, PA 19107

Thomas J. Barton

Date: November 9, 2017

90455441.1                          - 6 -

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **OCTOBER 2017** |
| E-Filing Number: 1710017064 |
| **000924** |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| COREY FISCHER | URBAN OUTFITTERS, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 600 NORTH 16TH STREET PHILADELPHIA PA 19130 | 5000 SOUTH BROAD STREET PHILADELPHIA PA 19112 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint    ☐ Petition Action    ☐ Notice of Appeal ☐ Writ of Summons    ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less ☒ More than $50,000.00 | ☐ Arbitration ☒ Jury ☐ Non-Jury ☐ Other: | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☐ Commerce ☐ Minor Court Appeal ☐ Statutory Appeals | ☐ Settlement ☐ Minors ☐ W/D/Survival |

CASE TYPE AND CODE

1O - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** OCT **06** 2017 **M. BRYANT** | IS CASE SUBJECT TO COORDINATION ORDER? YES        NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: COREY FISCHER

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| R. ANDREW SANTILLO | WINEBRAKE & SANTILLO, LLC TWINING OFFICE CENTER 715 TWINING ROAD, SUITE 211 DRESHER PA 19025 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)884-2491 | (215)884-2492 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 93041 | asantillo@winebrakelaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *R. ANDREW SANTILLO* | Friday, October 06, 2017, 05:04 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

Peter Winebrake (PA Attorney No. 80496)
R. Andrew Santillo (PA Attorney No. 93041)
Mark J. Gottesfeld (PA Attorney No. 307752)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025



*Attorneys for Plaintiff (Additional Counsel Listed on Signature Page)*

| | |
|---|---|
| COREY FISCHER | PHILADELPHIA COUNTY |
| Plaintiff, | COURT OF COMMON PLEAS |
| v. | |
| URBAN OUTFITTERS, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

### COMPLAINT-CIVIL ACTION
### 1O — Contract: Other

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demandaen contra suya sin previo aviso o notificacion. Ademas, la corte puede decidira favor del demandante y require que usted cumplacon todas las provisiones de esta demanda. Usted puede perder dinero o sus propriedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE SI NO TIENEABOGADO O SI NO TIENE EL DINERO SUFFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONOA LA OFFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-1701

Plaintiff Corey Fischer ("Plaintiff"), brings this lawsuit against Defendant Urban Outfitters, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*  The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.     Defendant is a retail store chain selling clothing and household goods, generally aimed at young adults.  As alleged herein, Defendant has misclassified Plaintiff as exempt under Pennsylvania and federal overtime laws and failed to pay Plaintiff for all hours worked by Plaintiff as well as overtime pay for hours worked above 40 in a workweek.

2.     Plaintiff alleges that Plaintiff is entitled to unpaid overtime wages for hours worked above 40 in a workweek and an additional equal amount as liquidated damages pursuant to the FLSA

3.     Plaintiffs further alleges that Plaintiff is entitled to unpaid overtime wages for hours worked above 40 in a workweek pursuant to the PMWA.

## JURISDICTION AND VENUE

4.     The Court has personal jurisdiction over Defendant based on its substantial contacts with Philadelphia County, including the physical presence of Defendant in Philadelphia County, its numerous business activities in Philadelphia County and its employment of many residents of Philadelphia County.

5.     Venue is proper in this Court under Pa. R. Civ. P. 1006 and 2179, because

Case ID: 171000924

Defendant is headquartered in Philadelphia County and regularly conducts business in Philadelphia County.

## THE PARTIES

6.     Plaintiff is an adult individual residing at 600 North 16th Street, Philadelphia, Pennsylvania 19130.

7.     Defendant employed Plaintiff as a Department Manager ("DM") from approximately March 2010 until April 2015 at two of Defendant's stores located in Philadelphia, Pennsylvania.

8.     Plaintiff regularly worked in excess of forty (40) hours per workweek, without receiving wages from Defendant for all hours worked, as well as overtime compensation as required by Pennsylvania and federal law.  By way of example, Plaintiff worked more than 40 hours during the second week of December 2011.

9.     Defendant is a Pennsylvania corporation, with its principal executive offices located at 5000 South Broad Street, Philadelphia, Pennsylvania.  According to Defendant's Form 10-K for the fiscal year ending January 31, 2015, the company operates 240 retail stores in the United States in which it sells "women's and men's fashion apparel, footwear, beauty and accessories . . . as well as an eclectic mix of apartment wares and gifts." Form 10-K at 5.  Defendant maintains control, oversight, and discretion over the operation of its retail stores, including their employment practices.

## STATEMENT OF FACTS

10.     Defendant employed Plaintiff as a DM.

11.     Defendant maintains control, oversight, and discretion over the operation of its retail stores, including their employment practices with respect to Plaintiff.

2

Case ID: 171000924

12.     Plaintiff's work as a DM was performed in the normal course of Defendant's business and was integrated into it.

13.     Consistent with Defendant's policy, pattern, and/or practice, Plaintiff regularly worked in excess of forty hours per workweek without being paid overtime wages, in violation of the FLSA and the PMWA.  Defendant scheduled Plaintiff to work forty hours per week, but Plaintiff actually worked an average of approximately 46-50 hours per week during each week in which he worked five or more shifts.  The number of shifts worked per week can be ascertained from Defendant's records.

14.     Defendant assigned all of the work that Plaintiff performed, and/or has been aware of it.

15.     This work required little skill and no capital investment.  Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.  Indeed, in Defendant's Form 10-K filed with the Securities and Exchange Commission for the fiscal year ending January 31, 2016, where the company describes the organization of its stores, it all but admits that its stores are run by their store managers, and the DM position is treated as a subordinate one, on the level of staff:

> We have organized our retail store operations by brand into geographic areas or districts that each have a district manager. District managers are responsible for several stores and monitor and supervise individual store managers.  Each store manager is responsible for overseeing the daily operations of one of our stores.  In addition to a store manager, the staff of a typical store includes a combination of some or all of the following positions: a visual manager, several department managers and full and part-time sales and visual staff.

Urban Outfitters, Inc., Form 10-K for the fiscal year ended Jan. 31, 2016 at 6.

16.     As a DM, Plaintiff's primary job duties included manual work such as, for

3

example, cleaning the store, folding clothes, building displays, and unloading freight.

17.    As a DM, Plaintiff's primary job duties did not include: hiring, firing, disciplining, supervising, or exercising meaningful independent judgment and discretion.

18.    Plaintiff's primary duties were manual in nature.  The performance of manual labor duties occupied the majority of Plaintiff's working hours.

19.    Pursuant to its centralized, company-wide policy, pattern and/or practice, Defendant classified Plaintiff and all DMs as exempt from coverage of the overtime provisions of the FLSA and the PMWA.

20.    Upon information and belief, Defendant did not perform an individualized analysis of Plaintiff's job duties when making the decision to classify Plaintiff as exempt from the FLSA's and the PMWA's overtime protections.

21.    Upon information and belief, Defendant's unlawful conduct was and is pursuant to its centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA and the PMWA.  Defendant established labor budgets to cover labor costs for the stores in which Plaintiff and other DMs worked.  The wages for Defendant's store-level employees, including Plaintiff, were deducted from the labor budgets.  However, Defendant did not provide sufficient money for the labor budgets, causing Plaintiff, who was not paid overtime, to work additional hours without compensation so that Defendant could avoid paying additional wages to the hourly (non-exempt) store-level employees.  Defendant did not consider the impact of its small labor budgets on Plaintiff's job duties, including whether these small labor budgets forced Plaintiff to perform manual labor and non-exempt duties due to the limited amount of money available to pay hourly (non-exempt) employees to perform such work.

22.     As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a policy, pattern, and/or practice of violating the FLSA and the PMWA with respect to Plaintiff.  This policy and pattern or practice includes, but it is not limited to:

a.     willfully misclassifying Plaintiff as exempt from the overtime requirements of the FLSA and the PMWA; and

b.     willfully failing to pay Plaintiff overtime wages for hours worked in excess of 40 hours per workweek.

23.     Defendant is aware or should have been aware that the FLSA and the PMWA required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

24.     Defendant's failure to pay overtime wages for work performed by Plaintiff in excess of 40 hours per week was willful.

25.     During the course of the relevant period, Defendant failed to maintain accurate and sufficient time records for Plaintiff.  Defendant had a policy and/or practice that did not allow Plaintiff to record all hours worked but only allowed Plaintiff to report a maximum of 40 hours worked per week.

### FIRST CLAIM FOR RELIEF:
### (FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES)

26.     All previous paragraphs are incorporated as though fully set forth herein.

27.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

28.     At all relevant times, Defendant employed Plaintiff within the meaning of

5

Case ID: 171000924

the FLSA.

29.     At all relevant times and continuing to the present time, Defendant had a policy and practice of refusing to pay for all hours worked, as well as refusing to pay overtime compensation to their DMs, including Plaintiff, for hours worked in excess of forty hours per workweek.

30.     As a result of Defendant's willful failure to compensate their employees, including Plaintiff, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, as well as for all hours worked by them, Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

31.     As a result of Defendant's failure to record, report, credit and/or compensate their employees, including Plaintiff, Defendant has failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

32.     As a result of Defendant's policy and/or practice to minimize labor costs with an insufficient labor budget, Defendant forced Plaintiff to perform the manual labor and non-exempt tasks described in this Complaint.

33.     Due to Defendant's failure to provide enough labor budget funds, failure to perform an individualized analysis of Plaintiff's job duties to ensure that Plaintiff was performing exempt job duties, and failure to take into account the impact of the limited labor budgets on the job duties of Plaintiff, Defendant willfully violated the FLSA to save money.  Defendant knew and/or showed reckless disregard for the matter of whether its

6

conduct was prohibited by the Act.  29 U.S.C. § 255(a).

34.    As a result of Defendant's FLSA violations, Plaintiff is entitled (a) to recover from Defendant his unpaid wages for all of the hours worked by Plaintiff, as overtime compensation, (b) to recover an additional, equal amount as liquidated damages Defendant's willful violations of the FLSA, and (c) to recover Plaintiff's unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## (PENNSYLVANIA MINIMUM WAGE ACT:  UNPAID OVERTIME WAGES)

35.    All previous paragraphs are incorporated as though fully set forth herein.

36.    At all times relevant to this action, Plaintiff was an employee and Defendant has been an employer within the meaning of the PMWA.

37.    The overtime wage provisions of the PMWA and its supporting regulations apply to Defendant.

38.    The PMWA entitles employees to compensation for every hour worked in a workweek. *See* 43 P.S. § 333.104(a).

39.    The PMWA entitles employees to overtime compensation "not less than one and one-half times" the employee's regular pay rate for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

40.    Defendants violated the PMWA by failing to pay Plaintiff any compensation, including overtime premium compensation, for hours worked in excess of 40 during the workweek.

41.    As a result of Defendant's violations of the PMWA, Plaintiff is entitled to recover from Defendant his unpaid overtime wages, reasonable attorneys' fees and costs

7

of the action, and pre-judgment and post-judgment interest.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief, and seeks an order or orders providing the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b.  An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay due under the FLSA and PMWA;

c.  An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

d.  An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

e.  An award of prejudgment and post-judgment interest;

f.  An award of costs and expenses of this action;

g.  Such other and further relief as this Court deems just and proper.

Dated: October 6, 2017

/s/ R. Andrew Santillo
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
**WINEBRAKE & SANTILLO, LLC**
715 Twining Road, Suite 211
Dresher, PA 19025
Phone:  (215) 884-2491

8

Case ID: 171000924

Seth R. Lesser*
Fran L. Rudich*
Michael H. Reed*
Christopher Timmel*
**KLAFTER OLSEN & LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Phone: (914) 934-9200

Justin M. Swartz*
Ossai Miazad*
Michael J. Scimone*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Phone: (212) 245-1000

Marc S. Hepworth*
Charles Gershbaum*
David A. Roth*
Rebecca S. Predovan*
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Ste. 802
New York, NY 10016
Phone: (212) 545-1199

Gregg I. Shavitz*
Alan L. Quiles*
**SHAVITZ LAW GROUP, P.A.**
1515 S. Federal Highway, Suite 404
Boca Raton, FL 33432
Phone: (561) 447-8888

***Attorneys for Plaintiff***

9